IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MA LIDIA MUNOZ BUSTAMANTE
a/k/a MARIA BUSTAMANTE, on behalf
of herself and others similarly situated,

    Plaintiff,

v.

DUCLAC INCORPORATED d/b/a T&W
CLEANERS, a Florida Profit Corporation,
and KEVIN L. CHAU, Individually,

    Defendants.

CASE NO.:

**COLLECTIVE ACTION COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, MA LIDIA MUNOZ BUSTAMANTE a/k/a MARIA BUSTAMANTE ("BUSTAMANTE"), (hereinafter "Plaintiff"), on behalf of herself and others similarly situated, files this Complaint against Defendants, DUCLAC INCORPORATED d/b/a T&W CLEANERS ("T&W"), a Florida Profit Corporation, and KEVIN L. CHAU ("K. CHAU"), individually, (collectively, "Defendants"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all,

and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in West Palm Beach, Florida, located within the Southern District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of West Palm Beach, Florida.

5. At all times material hereto, Defendant T&W was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in West Palm Beach, Florida.

6. Upon information and belief, at all times material hereto, Defendant K. CHAU was an individual resident of the State of Florida.

7. At all times material hereto, Defendant T&W was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

8. At all times material hereto, Defendant K. CHAU was the President of T&W, and owned and operated T&W.

9. At all times material hereto, Defendant K. CHAU had the authority to hire and fire employees of T&W.

10. At all times material hereto, Defendant K. CHAU regularly determined the rates of pay for the employees of T&W.

11. At all times material hereto, Defendant K. CHAU regularly determined the work schedules for the employees of T&W.

12. At all times material hereto, Defendant K. CHAU controlled the finances and operations of T&W.

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

15. At all times material hereto, Plaintiff was an "employee" of K. CHAU within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

17. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, dry cleaning equipment, and cash registers, which were used directly in furtherance of Defendants' commercial activity of operating a dry cleaning buisness.

20. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of her handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of performing dry cleaning services.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. Defendant operates a dry cleaning business, T&W CLEANERS, in the West Palm

Beach, Florida area.

23. T&W CLEANERS is located at 4275-A Okeechobee Blvd., West Palm Beach, Florida 33409.

24. T&W CLEANERS is incorporated as DUCLAC INCORPORATED.

25. T&W CLEANERS is owned and operated by Kevin L. Chau.

26. Plaintiff worked for Defendants from approximately 2005 through March 2020 as a non-exempt presser.

27. Plaintiff's duties included pressing garments including, but not limited to, dresses, shirts, pants.

28. Plaintiff maintained the same duties throughout the duration of her employment.

29. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours.

30. From approximately January 2005 through March 2020, Plaintiff worked approximately six (6) days per week.

31. From approximately January 2005 through March 2020, Plaintiff worked at least 12 hours per day.

32. Despite of the significant number of overtime hours Plaintiff worked each week, Defendants only compensated Plaintiff at her regular rate of pay for all hours that she worked each week.

33. Defendants failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all of the hours that she worked in excess of forty (40) hours in a given work week.

34. Plaintiff should have been, and should be, compensated at a rate of one and one-

half times her regular rate of pay for those hours that she worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

    35.    Defendants have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

    a.    Plaintiff worked in excess of forty (40) hours per week during her period of employment with Defendants;

    b.    No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours that she worked in excess of forty (40) hours per work week as provided by the FLSA;

    c.    Defendants failed to pay Plaintiff at least one and one-half times Plaintiff's regular rate for those hours that she worked in excess of forty (40) in most, if not all work weeks in violation of the FLSA;

    d.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful and/or in reckless disregard of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

    36.    Plaintiff and the class members are/were all non-exempt employees who were only paid their regular rate of pay for the hours that they worked over forty (40) each week.

    37.    Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

    38.    The additional persons who may become Plaintiffs in this action are/were non-exempt employees of the Defendants who were not compensated at a rate that was/is one and one

half times of their regular rate of pay for the hours that they worked over forty (40) each week.

39. This policy or practice was applicable to Plaintiff and the class members.

40. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

41. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All non-exempt employees who worked for Defendants within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

42. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

43. During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

44. Defendants' failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

45. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION</u>

46. Plaintiff realleges and reincorporates paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

48. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours each workweek.

49. Plaintiff is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours each work week.

50. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

51. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when they knew, or should have known, such was, and is due.

52. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

53. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

54. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendants;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

d. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to § 216(b), to those similarly situated to Plaintiff;

e. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendants have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 5th day of January, 2021.            Respectfully Submitted,

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268 F: (954) 327-3039
Email: cventura@forthepeople.com

*Attorney for Plaintiff*